IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STORAGECRAFT TECHNOLOGY
CORPORATION,

        Plaintiff,

   v.

JAMES KIRBY, et al.,

        Defendants.
_____/

No. 2:09-MC-0107-WBS-DAD

ORDER

        By order filed December 24, 2009, the hearing on plaintiff's November 25, 2009 motion to compel compliance with subpoenas (Doc. No. 4) was continued to January 8, 2010 before the undersigned.  On December 30, 2009, plaintiff StorageCraft Technology Corporation filed an ex parte application to continue that hearing date pending review of the December 23, 2009, order denying its related motion to compel in the District of Utah where this civil action is pending.  On December 31, 2009, counsel for non-party NetJapan, Inc. filed a statement of objection to the ex parte application for a continuance.  On January 4, 2010, counsel for plaintiff and for non-party Leapfrog Software, Inc. filed a stipulation to continue the January 8, 2010 hearing on the motion to compel before this court, suspend briefing on this matter and to have this court reserve decision on the motion to compel pending resolution of plaintiff's objections to

1

the denial of its motion to compel in the District of Utah.  The stipulation, of course, was not signed by counsel for NetJapan who had already objected to the continuance.  By order filed January 4, 2010, the undersigned granted plaintiff's ex parte application for a continuance of the hearing in part and continued the hearing to January 22, 2010.

On January 20, 2010, counsel for plaintiff StorageCraft filed a stipulation to withdraw its motion to compel without prejudice.  The stipulation was signed by counsel for non-party Leapfrog Software, Inc.  That same day, counsel for non-party NetJapan, Inc. filed an objection to the stipulation to withdraw the motion to compel.  Therein, NetJapan argued that either the hearing on the motion to compel should go forward, the motion should be withdrawn with prejudice or, if allowed to be withdrawn without prejudice, plaintiff should be ordered to pay NetJapan's attorney fees in connection with the motion as a sanction.

It appears that the scheduling order in the underlying civil action pending in the District of Utah, which was a primary concern of the undersigned, is in the process of being modified.  This court is advised that the assigned district judge in Utah has not yet ruled on plaintiff's request for reconsideration of the discovery order issued in that district which involves many of the same issues posed by the motion to compel before this court.  Finally, it is plaintiff's motion that is pending hearing before this court and the moving party seeks to withdraw its motion with the stipulation of the non-party that was served with the subpoena in question.  Under these circumstances, the court finds no basis for denying plaintiff's request to withdraw its motion to compel without prejudice.  Moreover, the court finds no grounds for the imposition of sanctions in the form of an attorney fee award, as requested by non-party NetJapan, with respect to proceedings to date before this court.

Accordingly,  plaintiff's November 25, 2009 motion to compel compliance with subpoenas (Doc. No. 4) is disposed of, having been withdrawn by the moving party without

/////

/////

1  prejudice.  The hearing on that motion, previously set for January 22, 2010, is vacated.

2  Non-party NetJapan's request for the imposition of sanctions is denied.

3        IT IS SO ORDERED.

4  DATED: January 21, 2010.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8  Ddad1\orders.civil\storagecraft0107.o.012110